UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-387-RJC

| DERRITT SWEARINGTON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| G6 HOSPITALITY, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant G6 Hospitality, LLC's Motion to Dismiss and supporting materials, (Docs. 4-5), and pro se Plaintiff's Motion to Strike Defendant's Motion to Dismiss, (Doc. 8). These matters are ripe for review.

## I. BACKGROUND

Plaintiff, who is proceeding pro se, filed his complaint in this Court on July 14, 2014. (Doc. 1 at 1).[1] According to the complaint, Plaintiff is a resident of the State of North Carolina and Defendant is a resident of the State of Texas. (Id.). Plaintiff alleges that he was hired by Defendant to perform janitorial services at the Studio 6 in Charlotte, North Carolina. (Doc. 1 at 7). Plaintiff asserts that he completed the job and submitted an invoice to Defendant for his services on January 28, 2014 in the amount of $810. (Id.). Plaintiff alleges that he instructed Defendant to directly deposit the money into Plaintiff's bank account; however, after making several inquiries Plaintiff asserts that he has failed to receive any payment from Defendant. (Id.). Plaintiff argues he is entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure because the failure to pay his invoice was a result of fraud. (Doc. 1 at 3). Plaintiff, who allegedly

---

[1] Plaintiff filed a similar complaint against G6 Hospitality in this Court on March 18, 2014, Case No. 3:14-cv-117-RJC-DCK. In the prior case, this Court dismissed Plaintiff's Title VII claim and dismissed Plaintiff's claims for fraud and bad faith on initial review for lack of jurisdiction.

submitted an invoice for $810 for his cleaning services, seeks to recover for the bad faith, fraud, and blameworthiness of Defendant, and damages in the amount of $1,000,000. (Doc. 1 at 5).

## II. STANDARD OF REVIEW

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)).

## III. DISCUSSION

### A. Fraud, Blameworthiness, and Bad Faith Claims

Here, subject matter jurisdiction has not been challenged by either party; however, this Court raises the issue of whether it has subject matter jurisdiction over Plaintiff's claims. Where the Court has subject matter jurisdiction, it may hear the merits of a claim; if it lacks jurisdiction, it has no authority to hear the case. Arbaugh v. Y&H Corp, 546 U.S. 500, 506 (2006)

("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Congress has broadly authorized federal courts to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted). Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among litigants. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

Here, Plaintiff does not allege any federal law claims, but instead alleges state law claims against Defendant for fraud, bad faith, and blameworthiness. Therefore, in order for the Court to have jurisdiction over Plaintiff's claims, the parties to this proceeding must be diverse and the amount in controversy must be in excess of $75,000. See 28 U.S.C. § 1332(a). Accepting as true Plaintiff's allegations of citizenship, it would appear that he can satisfy the diversity requirement because Plaintiff is a resident of North Carolina and Defendant is a resident of Texas. However, Plaintiff has not satisfied the amount in controversy. Plaintiff contends that Defendant failed to pay an invoice of $810 which he submitted on January 28, 2014, and he seeks damages in amount of $1,000,000 for Defendant's alleged "bad faith" and "blameworthiness." In most cases, the "sum claimed by the plaintiff controls" the amount in controversy determination. St.

Paul Mercury Indem. Co. v. Red Cab. Co.. 303 U.S. 283 (1938). However, "[i]f the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." JTH Tax, Inc. v. Fisher, 624 F.3d 635, 638 (4th Cir. 2011). Here, it is apparent that Plaintiff cannot recover $1,000,000 based on his claims for fraud, bad faith, and blameworthiness. His assertion that he should recover $1,000,000 for Defendant's failure to pay $810 is frivolous and without legal merit. Accordingly, this Court finds that Plaintiff has failed to satisfy the requirement that the amount in controversy is in excess of $75,000 and therefore his complaint will be dismissed for lack of jurisdiction.

  B. Motion to Strike

While considering Defendant's Motion to Strike (Doc. 8), the Court remains mindful of Plaintiff's pro se status. Pro se filings are to be liberally construed and must be held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted). This Court has considered Plaintiff's Motion to Strike Defendant's Motion to Dismiss as a response brief to Defendant's Motion to Dismiss; therefore, to the extent Plaintiff it is entitled a motion, this motion is denied.

**IV. CONCLUSION**

  **IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. 4), is **GRANTED**; and

2. Plaintiff's Motion to Strike, (Doc. 8), is **DENIED**.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

           Signed: October 27, 2014

4

Robert J. Conrad, Jr.
United States District Judge